DUTEE WILCOX, Applt, *vs.* LUCY C. WHITE, Admx.

APRIL 7, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Exceptions prematurely brought.*

Appellant appealed from a decree of a Probate Court confirming a report of commissioners upon an insolvent estate. In the Superior court appellees moved that the appeal be dismissed, which motion was denied, and appellees

excepted to the decision.    On motion of appellant to dismiss appellees' bills of exception:—

*Held*, that the decision of the Superior Court was not a final decision, because, after the denial of the motion, the issues were left on the appellant's reasons of appeal.

*Held*, further, that the bills of exceptions were prematurely brought.

PROBATE APPEAL.    Heard on exceptions of appellees, and bills of exceptions dismissed.

PER CURIAM.    This is an appeal by Dutee Wilcox from the decree of the Municipal Court of the city of Providence, whereby said court allowed, established, and confirmed the report of the commissioners appointed to examine and determine the claims filed against the estate of Frank M. White, deceased, represented insolvent, wherein certain claims were allowed and the claim of Dutee Wilcox was wholly disallowed.

In his reasons of appeal, in addition to those pertaining directly to his own claim, he stated the following:

"4.    Because the order and decree allowing, establishing and confirming the allowance of the claim of the Westminster Bank by the commissioners appointed to examine and determine the claims filed against said estate and their report thereon were contrary to law.

"5.    Because the order and decree allowing, establishing, and confirming the allowance of the claim of the Westminster Bank by the commissioners appointed to examine and determine the claims filed against said estate and their report thereon were contrary to the evidence and the weight thereof."

While this appeal was pending in the Superior Court, and after it was assigned for trial, both the appellees, Lucy C. White, administratrix, and the Westminster Bank, moved that the appeal be dismissed, the motion of the administratrix being on the grounds (1) that the commissioners of insolvency reported to the Municipal Court of the city of Providence a list of ten or more claims allowed to ten or more different persons, and one claim disallowed; (2) that the claim of appeal filed by the appellant in said Municipal Court is from the allowance confirming the report of the commissioners; (3)   that the ap-

peal is not from the allowance confirming or disallowing one claim; (4) that the appeal is from the confirming of the commissioners' report generally, and from the allowances *en masse;* and the motion of the Westminster Bank being on the ground that said appellant has attempted to appeal from the decree of said Municipal Court upon its findings with relation to two separate claims, and to combine in its said appeal different and distinct matters.

These motions were denied by the Superior Court. Said administratrix and said Westminster Bank each excepted to said decision, and their bills of exceptions are now before this court. The appellant objected to the allowance of said bills of exceptions by the Superior Court, as prematurely brought. He now moves that said bills of exceptions be dismissed.

Section 497, C. P. A., provides that exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits.

The decision of the Superior Court was not a final decision, because, after the motion was denied, the issues were left upon the appellant's reasons of appeal. These issues must be determined before there can be a final decision upon the merits of the case. *McDonald* v. *Providence Telephone Co.*, 27 R. I. 595; *Ainley* v. *Ainley*, 29 R. I. 33.

The bills of exceptions are dismissed, and the case is remitted to the Superior Court for further proceedings.

*Vincent, Boss & Barnefield,* for appellant.

*Greene, Hinckley & Allen,* for appellees.